**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1558**

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee,

v.

ALLEGHENY MEDICAL SERVICES, d/b/a Responsible Pain and Aesthetic Management PLLC; J. JORGE A. GORDINHO,

Defendants - Appellants,

and

A.W.; N.C.; C.N.; DANIELLE MATHIS, and; FLORENCE HARRIS,

Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:17-cv-02283)

Submitted: December 18, 2018                    Decided: December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan Z. Ritchie, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellants. Matthew A. Nelson, Patricia M. Bello, LEWIS BRISBOIS

BISGAARD & SMITH, LLP, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this action for a declaratory judgment, Allegheny Medical Services and Jorge Gordinho (together "Allegheny Medical") appeal from the district court's order granting summary judgment to State Automobile Mutual Insurance Company ("State Auto"). The action involved whether State Auto, Allegheny Medical's business owner liability insurer, owed a duty to defend or indemnify Allegheny Medical from sexual misconduct allegations made by five individuals. Allegheny Medical argues that the North Carolina civil claims are "reasonably susceptible" to coverage under the State Auto policy because an insurer's obligation to defend is broader than its obligation to provide coverage. Allegheny Medical also argues that although physical injuries were not pled in the underlying complaints, upon further investigation, it would be possible that there would be a physical manifestation related to a psychological injury. Finding no error, we affirm.

We review "de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, the court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the

3

nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have reviewed the parties' briefs, joint appendix, and fully considered the arguments on appeal and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *State Auto. Mut. Ins. Co. v. Allegheny Med. Servs.*, No. 5:17-cv-02283 (S.D.W. Va. Apr. 17, 2018). We decline Appellants' suggestion that the appeal presents questions that require certification to the Supreme Court of Appeals of West Virginia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*